BYRNES, Judge.
Dr. Francis Norman Vallette, widower of Mary Louise Crane Vallette, appeals a judgment finding that a usufruct given to him by his wife in her last will and testament terminated upon his remarriage. We affirm.
Mary Louise Crane Vallette diéd on November 28,1976. At the time of her death, she was married to Dr. Francis Vallette. Of that union five children were born. Decedent was married only once and had no other children. In an olographic last will and testament she provided in pertinent part:
... All of my property is community, belonging to my husband, Francis Norman Vallette, and myself.
I leave my entire estate to my five children, Evelyn, Patricia, Robert, Norman and Richard, subject to usufruct in favor of hay husband, Francis Norman Val-lette.
Mrs. Vallette did not indicate that the usu-fruct was for life. On October 26,1977 Dr. Vallette remarried.
On January 5, 1988, Patricia Vallette Floundries filed a Petition for Declaratory Judgment seeking to have her father’s usufruct terminated as of the date of his remarriage. The trial court entered judgment in her favor relying on Succession of Chauvin, 260 La. 828, 257 So.2d 422 (1972). From that judgment Dr. Vallette appeals.
In Succession of Chauvin, the decedent left an olographic will and testament which provided: “I leave all I die possessed of to my son Bernard J. Chauvin, Jr., subject to the usufruct thereon which I leave to my loving wife, Bernice.” The testator did not mention that the usufruct was for life. All property involved was community property. Subsequently, Mrs. Chauvin remarried. And, thereafter, her son sought to have her usufruct terminated because of her remarriage. The Louisiana Supreme Court found that Mr. Chauvin, Sr. had failed to indicate in his will that he intended to bequeath a life usufruct to his wife. It was held that he had, therefore, merely confirmed, in his last will and testament, the legal usufruct conferred by La.C.C. Art. 916 (The substance of that article is now included in La.C.C. Art. 890). The Court stated that such confirmation “does not free the usufruct from the limitations of that article, and it terminates ‘wherever the survivor shall enter into a second marriage.’ ” Succession of Chauvin, supra 257 So.2d at 426.
Dr. Vallette argues that his is a testamentary usufruct and, therefore, does not terminate upon remarriage. Alternatively, he attempts to distinguish his situation from that addressed in Succession of Chauvin by noting that he and his second wife entered into a separate property agreement prior to their marriage. It is his contention that the legislative purpose for terminating a statutory usufruct on remarriage is to eliminate subsequent community property incursions. He urges that his premarital contract acts as a safeguard to the administration of his children’s legi-time while it is burdened by the usufruct.
These arguments are without merit. The facts of the present case are exactly on point with those of Succession of Chauvin. Therein, a disposition virtually identical in substance to that of Mrs. Vallette’s, was found to be a confirmation of a legal usu-fruct rather than a testamentary usufruct. *709 We find, therefore, that Succession of Chauvin is controlling. Had the intention of Mrs. Vallette been to confirm the usu-fruct for life to her surviving husband, she would have had to specify so in her will. Her actions merely confirmed the legal usufruct granted by La.C.C. Art. 890.
Additionally, the language of La. C.C. Art. 890 is clear and unambiguous, and its application leads to no absurd consequences. Therefore, it must be applied as written, and no further interpretation may be made in search of the intent of the legislature. La.C.C. Art. 9; Hibernia Nat. Bank in New Orleans v. Louisiana Tax Com’n, 195 La. 43, 196 So. 15 (1940); Termination of the usufruct is dependent only on remarriage. The particular conditions under which that remarriage is contracted are irrelevant. Therefore, pursuant to La.C.C. Art. 890 and Succession of Chauvin, Dr. Vallette’s usufruct terminated upon his second marriage.
Finally, we note that appellee alleges in her brief that this appeal is frivolous. That issue is, however not properly raised by appellee as she has neither appealed nor answered Dr. Vallette’s appeal. Therefore, we decline to address it.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellant, Dr. Francis Norman Vallette.
AFFIRMED.